UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| JENNIFER L. BERG | Case No. 8:16-cv-411-27-MRM |
| JENNIFER L. HOLLINGSWORTH | Case No. 2:18-cv-573-UA-MRM |
| CURTIS L. GLOVER, SR., | Case No. 8:18-cv-1248-T-AEP |
| CHRISTOPHER W. MCVEY | Case No. 8:18-cv-2304-T-SPF |
| LISA L. KROITZSCH | Case No. 8:18-cv-2475-T-AAS |
| KATHLEEN STEELE | Case No. 8:18-cv-2522-T-33AEP |
|     o/b/o P.S.S., Jr., a minor | |
| LALISHKA RAMIREZ | Case No. 8:18-cv-2539-T-CPT |
| LISA M. DEMYANOVICH | Case No. 8:18-cv-2786-T-AAS |
| GINA M. ISOM | Case No. 8:18-cv-2859-T-30-CPT |
| GLEN A. HATCHETT | Case No. 8:19-cv-196-T-AEP |

    Plaintiffs,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.
_____/

## **OMNIBUS ORDER**

Plaintiffs request that the court vacate its scheduling orders because the orders require the parties to submit a joint memorandum. Instead, each Plaintiff would like to submit an individual memorandum and have the Commissioner submit a responsive memorandum. Plaintiffs argue that requiring a joint memorandum is unconstitutional, unauthorized by rules or statutes, and not a reasonable exercise of the court's inherent authority to control its docket or its courtroom procedures. In a separate motion, each Plaintiff also requests all deadlines set forth in the scheduling orders be stayed until the court decides whether the parties' briefing will be joint or separate.

This court, like the other ninety-three federal district courts across the country, serves as an appellate court for social security claimants dissatisfied with the Commissioner's disability decision. Not surprisingly, the Federal Rules of Civil Procedure, with their focus on the ordinary civil action, do little to aid this court in the exercise of this appellate authority. Importantly, the Federal Rules provide no direction for how a social security claimant can present alleged errors to the district court for review of the Commissioner's final administrative decision. Without a set of governing procedural rules, the courts must devise methods for managing a sizeable appellate caseload. There is no national consensus regarding such methods. Instead, the resulting procedural tools employed range from oral argument in every appeal to a pre-briefing proposal for settlement requirement to joint stipulations of fact to simultaneous briefing. Here, the undersigned judges, like many magistrate judges in at least one other district (the Central District of California), require a joint memorandum rather than separate briefs.

The Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891 (2016) (citations omitted). Stated another way, district courts maintain "inherent authority to manage their dockets and courtrooms with a view towards the efficient and expedient resolution of cases." *Id.* at 1892 (citations omitted).

The scheduling orders fall within the exercise of such inherent authority and explicitly state that the preparation of a single joint memorandum will "facilitate

the prompt disposition of this case by the Court." The exercise of this inherent authority remains not only reasonable but also essential when considering the Middle District of Florida, at last count, had the third highest social security appeal caseload in the country. *See* Federal Judicial Caseload Statistics 2018, *available at* https://www.uscourts.gov/statistics-reports/federal-judicial-caseload-statistics-2018. To put this in context, for the last available reporting period (April 1, 2017 to March 31, 2018), social security claimants filed 795 appeals in the Middle District of Florida. *See* Table C-3 of the Federal Judicial Caseload Statistics 2018, *available at* https://www.uscourts.gov/statistics/table/c-3/federal-judicial-caseload-statistics/2018/03/31. By comparison, in the same year, social security claimants filed 145 appeals in the Southern District of Florida. *Id.*

To address this overwhelming number of appeals, the undersigned judges enter scheduling orders requiring submission of a joint memorandum. The scheduling orders do not dictate or limit any issues a plaintiff may raise. When unresolved objections regarding the facts occur between a plaintiff and the Commissioner, the Commissioner may state such objections in a footnote. While a plaintiff must identify and frame his or her issues in a neutral fashion in each heading, the Commissioner responds to each issue *after* the presentation of the plaintiff's issue. With leave of court, plaintiffs additionally may assert in a reply brief any arguments against the Commissioner's position. And, although the scheduling orders require that the joint memorandum not exceed forty pages, the court routinely permits the parties to file a joint memorandum in excess of that limit when the parties contend additional pages are necessary to effectively and

thoroughly address the issues. The court also routinely permits reasonable extensions to the briefing deadline. Further, the scheduling orders do not prohibit or otherwise interfere with a plaintiff's presentation of the issues.

In sum, the scheduling orders remain within the court's inherent authority to manage its docket and to efficiently and expediently decide its overwhelming docket of social security appeals. The scheduling orders also afford plaintiffs ample opportunity to thoroughly and effectively present their cases.

Accordingly, it is hereby ORDERED:

1. Plaintiffs' Notices of Objection to Joint Memorandum and Motion to Vacate Order Requiring Joint Memorandum to Allow Plaintiffs to Submit an Individual Memorandum are DENIED.

2. Plaintiffs' Motions to Stay Memorandum Schedule Pending [] Resolution of Plaintiffs' Notice Objection to Joint Memorandum and Motion to Vacate Order Requiring Joint Memorandum to Allow Plaintiffs to Submit an Individual Memorandum are DENIED AS MOOT. The joint memoranda are due in conformity with the scheduling orders or within twenty-one days of this order, whichever is later.

ORDERED in Tampa and Fort Myers, Florida, on this 21st of May, 2019.

ANTHONY E. PORCELLI
United States Magistrate Judge

MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

AMANDA ARNOLD SANSONE
United States Magistrate Judge

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record